# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 09, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-10960-CC
Case Style: USA v. Abdullah Hamidullah
District Court Docket No: 6:16-cr-00027-CEM-KRS-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10960
_____

D.C. Docket No. 6:16-cr-00027-CEM-KRS-1

UNITED STATES OF AMERICA,

                                                                                         Plaintiff-Appellee,

versus

ABDULLAH HAMIDULLAH,

                                                                                         Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 9, 2019)

Before WILLIAM PRYOR and ROSENBAUM, Circuit Judges, and MOORE,[*] District Judge.

K. MICHAEL MOORE, District Judge:

---

[*] Honorable K. Michael Moore, United States District Chief Judge for the Southern District of Florida, sitting by designation.

Appellant Abdullah pleaded guilty to four counts related to sex trafficking and was given a guideline-calculation range of 180 to 210 months' imprisonment. At sentencing, the district court imposed a 482-month sentence based in part on disputed facts in the presentence investigation report that were not proven by a preponderance of the evidence. On appeal, Hamidullah argues that (1) his 482-month sentence was procedurally unreasonable; on remand, (2) the Government should be precluded from presenting evidence at the resentencing; and (3) the case should be reassigned to a different district judge.

## I. BACKGROUND

Abdullah Hamidullah was charged by Indictment with conspiring to engage in sex trafficking through the use of force, threats of force, fraud, and coercion; aiding and abetting sex trafficking through the use of force, threats of force, fraud, and coercion; aiding and abetting the transportation of an individual in interstate commerce with the intent that the individual engage in prostitution; and two counts of aiding and abetting the enticement of an individual to travel in interstate commerce with the intent that the individual engage in prostitution.

Hamidullah pleaded guilty to four counts of the Indictment. The written plea agreement included a factual basis describing Hamidullah's offense conduct.

Prior to sentencing, the probation office prepared a presentence investigation report ("PSI"). The PSI described Hamidullah's offense conduct in considerably

greater detail than the factual basis in the plea agreement. The PSI described the offense and relevant conduct, in material part, as follows.

The PSI stated that several of Hamidullah's victims responded to newspaper or online advertisements seeking escorts and models. Hamidullah then informed the women that they would be prostituting themselves. Hamidullah kept the prostitution proceeds. Hamidullah physically, sexually, and emotionally abused the women. The sexual abuse included whipping with chains and dog leashes, choking, and anal sex. Hamidullah also provided the women with alcohol, marijuana, and Xanax and forced women to have abortions.

Hamidullah instructed his victims to "find women with family problems" on social media and told them what to say to the women online and over the phone and how to convince them to prostitute themselves once they arrived in person. The PSI further stated that "Hamidullah knew that the victims of the offense were vulnerable." The PSI also described other relevant conduct, unrelated to the counts of conviction, arising out of Hamidullah's sex trafficking of three additional individuals. There were also two victim impact statements.

Hamidullah was subject to a 15-year mandatory minimum sentence on one count of the Indictment, and as such the PSI recommended a guideline range of 180 to 210 months' imprisonment.

Hamidullah raised numerous objections to the factual assertions in the PSI that went beyond what was included in the plea agreement.  Hamidullah objected to (1) any and all references to his ever having engaged in any consensual or non-consensual sexual acts with any of the individuals referenced in the PSI; (2) any and all references to his ever having advertised or solicited women to be models or to engage in any modeling work; (3) any assertions that any individuals referenced in the PSI had "forced" abortions; (4) allegations that he instructed others to recruit women with family problems, or that any of the women actually had family problems; (5) allegations that he provided any of the women in the prostitution enterprise with Xanax; and (6) the assertion that he knew that any of the victims of his offenses were vulnerable.  Hamidullah objected to the two-level victim-enhancement, arguing that the victims were competent adults who were not "vulnerable" within the meaning of the guidelines.

At sentencing, the district court overruled Hamidullah's objections to the PSI and adopted the guideline calculation in the PSI.  The Government moved for a one-level downward departure under § 5K1.1 in recognition of Hamidullah's substantial assistance to the Government, which the district court granted.  As a result, the district court determined that Hamidullah's total guideline range was 180 to 188 months' imprisonment.

In mitigation, Hamidullah reiterated the arguments made in his sentencing memorandum and requested a minimum-guideline 180-month sentence. The Government responded by recounting what was described in the PSI and argued that a victim "would have testified" at trial that Hamidullah physically and sexually assaulted her, which included physical restraint, verbal abuse, humiliation, and rape. The Government requested a high-end guideline 188-month sentence.

The district court stated, "I think it's important that the plight of the victims be considered as part of any sentencing along with all matters presented to the Court. I'm going to go over some parts that I think I need to in order to state clearly what the path of deliberation was for the Court in leading to the conclusion that I have come to." The district court then repeated numerous factual findings from the PSI, including many of the factual findings to which Hamidullah objected. The district court imposed a 482-month sentence.

## II. STANDARD OF REVIEW

The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

## III. DISCUSSION

On appeal, Hamidullah argues that (1) his 482-month sentence was procedurally unreasonable; on remand, (2) the Government should be precluded from presenting evidence at the resentencing; and (3) the case should be reassigned

to a different district judge. In response, the Government argues that the factual proffer in the plea agreement, the undisputed portions of the PSI, and the victim impact statements sufficiently supported the district court's resolution of the disputed facts at sentencing.

    A. *Whether the Sentence was Procedurally Unreasonable*

Hamidullah argues that his 482-month sentence was procedurally unreasonable because the Government did not prove the contested factual allegations in the PSI by a preponderance of the evidence.

Hamidullah objected to numerous facts in the PSI. His objections enumerated in detail and with specificity which portions of the PSI he challenged as factually unsupported. *See United States v. Hoffer*, 129 F.3d 1196, 1202 (11th Cir. 1997). These objections shifted the burden to the Government to prove the disputed facts by a preponderance of the evidence and imposed on the district court a duty to ensure that the Government carried that burden. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) ("It is by now abundantly clear that once a defendant objects to a fact contained in the PSI, the government bears the burden of proving that disputed fact by a preponderance of the evidence.") (internal citations omitted); *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997); *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995) ("It is

6

the district court's duty to ensure that the Government carries this burden by presenting reliable and specific evidence.").

The Government did not present evidence in support of the disputed facts. Instead, the Government argued that one of the victims would have testified to the disputed facts at trial. The Government presented no other support for its assertions. When the district court asked the Government if it was ready to proceed with any evidence in aggravation, the Government responded that it was ready but that it was "not presenting any witnesses, but [would] make [its] final argument." Thus, the Government failed to prove the disputed facts by a preponderance of the evidence with reliable and specific evidence. *See Sepulveda*, 115 F.3d at 890.

It is well settled that disputed facts are not evidence upon which the district court can rely. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013) ("Absent a stipulation or agreement between the parties . . . an attorney's factual assertions alone do not constitute evidence that a District Court can rely on.") (internal citation omitted). The district court could have, and should have, requested that the Government put forth evidence to support the facts on which the district court intended to rely in imposing Hamidullah's sentence.

Instead, during sentencing, the district court specifically referred to disputed facts when deciding the total sentence. While the factual basis in Hamidullah's

7

plea agreement and the victim impact statements independently support that Hamidullah sexually abused his victims, the specific details regarding choking, chains, leashes, and anal sex were not presented anywhere in the record other than the disputed portions of the PSI, which the district court quoted nearly verbatim. Further, while the victim impact statements independently support that Hamidullah pressured women into having abortions, the district court again quoted disputed portions of the PSI in detailing the factual findings. The district court explicitly stated that these disputed facts formed its "path of deliberation" in choosing the total sentence.

Accordingly, the record indicates that the district court considered facts not in evidence in imposing the substantial upward variance resulting in a 482-month sentence. Absent a stipulation or agreement between the parties, an attorney's factual assertions at sentencing do not constitute evidence on which a district court can rely. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013). Because Hamidullah disputed the facts at issue, and because the Government did not offer evidence of those facts, the district court relied on facts for which there was no record support. *Martinez*, 584 F.3d at 1029; *United States v. Barner*, 572 F.3d 1239, 1251 (11th Cir. 2009). And since the district court relied on facts for which no record evidence existed, its findings are clearly erroneous, and Hamidullah's total sentence is procedurally unreasonable. *Gall v. United States*,

8

552 U.S. 38, 51 (2007); *Martinez*, 584 F.3d at 1029 (finding the district court clearly erred when it based its findings on plainly disputed facts); *Barner*, 572 F.3d at 1251 (noting that selecting a sentence based on clearly erroneous facts is a significant procedural error).

Because the district court based its total sentence, in part, on disputed facts which the Government did not prove by a preponderance of the evidence at sentencing, and because these errors were not harmless, this Court is obliged to vacate the sentence imposed and remand for resentencing. *See Martinez*, 584 F.3d at 1029; *see also Barner*, 572 F.3d at 1251; *United States v. Kendrick*, 22 F.3d 1066, 1069 (11th Cir. 1994) (an error is harmless if it "did not affect the district court's selection of the sentence imposed") (internal citation and quotation marks omitted).

B. *Whether the Government May Present Additional Evidence on Remand*

"[A] party who bears the burden on a contested sentencing issue will generally not get to try again on remand if its evidence is found to be insufficient on appeal." *Washington*, 714 F.3d at 1362. However, this Court has "discretion to permit the government to present evidence at resentencing even though it amount[s] to giving the party a 'second bite at the apple.'" *Id.* (internal citation and quotation marks omitted). As we have stated, a "'remand for further findings is inappropriate when the issue was before the [district] court and the parties had

9

an opportunity to introduce relevant evidence.'" *Id.* at 1362 (quoting *United States v. Canty*, 570 F.3d 1251, 1257 (11th Cir. 2009)).

Under the circumstances of this case, the Government should be permitted to present additional evidence on remand. When the district court entertained defense counsel's objections to the PSI, it told the parties to proceed in "[w]hatever [manner] is faster" and directed the Government to merely state whether it was opposing the objection, "yes or no," for the purpose of having a "clear record if there's appellate review." In response, the Government proffered that witnesses "would have testified to" the objected-to facts on which the district court eventually relied. With the exception of one objection, the district court then did not expressly rule on any of Hamidullah's objections or the Government's responses before relying on the Government's responses as support for the sentence. Under these circumstances, on remand, the Government should be permitted to present the evidence it proffered previously. *See United States v. Archer*, 671 F.3d 149, 168 (2d Cir. 2011) (collecting cases) ("where special circumstances make the prohibition on new evidence unfair, the district court may admit it").

C. *Whether the Case Should be Reassigned to a Different District Judge*

Finally, Hamidullah has not shown the extraordinary circumstances necessitating reassignment of the case to a different district court judge. *United*

*States v. Gupta*, 572 F.3d 878, 891 (11th Cir. 2009) ("Reassignment is an extraordinary order, and we do not order it lightly.") (internal quotation marks omitted) (citing *United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1999) (per curiam)).  Absent evidence of actual bias, the Court considers three elements: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; [and] (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." *Torkington*, 874 F.2d at 1447.  Hamidullah does not allege that the district judge was motivated by actual bias and nothing on the record indicates that the district judge would have any difficulty putting his previous findings aside on remand.  *See United States v. Shaygan*, 652 F.3d 1297, 1318–19 (11th Cir. 2011).  Further, reassignment is not necessary to preserve the appearance of justice and would require undue duplication of effort.  *See id.*  Accordingly, on remand, the case should be assigned to the same district judge.

### IV. CONCLUSION

We **VACATE** the sentence and **REMAND** for resentencing before the same district judge.  The Government may present the evidence that it did not present at the initial sentencing hearing.